# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2020

Lyle W. Cayce
Clerk

No. 20-50774

Doctor George Richardson; Rosalie Weisfeld;
MOVE Texas Civic Fund;
League of Women Voters of Texas;
Austin Justice Coalition;
Coalition of Texas with Disabilities,

*Plaintiffs—Appellees*,

*versus*

Federico Flores, Jr.; Maria Guerrero;
Vicente Guerrero,

*Movants—Appellants*,

*versus*

*Texas Secretary of State*, Ruth R. Hughs,

*Defendant—Appellant—Appellee.*

Appeal from the United States District Court
for the Western District of Texas
No. 5:19-CV-963

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

No. 20-50774

Movants, the plaintiffs in a separate but similar case, were denied intervention in the district court. They take the unusual step of moving to intervene in an ongoing appeal. Because intervention on appeal is reserved for exceptional cases, and movants' reasons for intervening do not come close to that high threshold, we deny the motion.

I.

Federico Flores, Jr., Maria Guerrero, and Vincente Guerrero moved to intervene in the Secretary of State's appeal of an order granting the plaintiffs partial summary judgment and injunctive relief. *See Richardson v. Hughs*, No. 5-19-CV-963, 2020 WL 5367216 (W.D. Tex. Sept. 8, 2020). The movants are the plaintiffs in *Flores v. Hughs*, No. 7:18-CV-113 (S.D. Tex. Apr. 16, 2018), a separate case challenging the constitutionality of the signature-verification procedures at issue in this case. *Flores* was filed before this case but has not yet reached final judgment.

Shortly before the district court in this case granted partial summary judgment, the *Flores* plaintiffs moved for permissive intervention under Federal Rule of Civil Procedure 24(b). They so moved in order to ask the *Richardson* district court to stay its proceedings pending the disposition of the *Flores* litigation. The district court denied that motion in the same order in which it granted summary judgment. *Richardson*, 2020 WL 5367216, at *37 n.48. The movants timely filed a notice of appeal of the denial. That appeal will proceed along with the Secretary of State's appeal under the same case number.

Separate from their appeal of the denial of intervention, the movants filed this motion to intervene in the Secretary's appeal. Their motivation for doing so is somewhat foggy. In some of their submissions, the movants have suggested that the motion must be granted so that their appeal of the denial of their initial motion may be heard alongside the Secretary's appeal. At

other times, they've expressed a desire to convey their view that, although the district court was correct in finding the signature-verification procedures unconstitutional, the remedy it crafted is unworkable. Because the movants are not "parties to the declaratory and injunctive portions of the [*Richardson* district court's] order," they moved to intervene in order to "protect their interests in regards to the injunctive relief issued by the district court that is now pending before this Court."

## II.

There is no appellate rule allowing intervention generally.[1] Instead, the Federal Rules of Appellate Procedure contemplate intervention only in proceedings to review agency action. FED. R. APP. P. 15(d). But despite the lack of an on-point rule, we have allowed intervention in cases outside the scope of Rule 15(d). *See, e.g.*, *United States v. Bursey*, 515 F.2d 1228, 1238–39 (5th Cir. 1975).

### A.

Perhaps because there is no rule explicitly allowing intervention on appeal, the caselaw explicating the standards for such motions is scarce. In *Bursey*, when granting a similar motion to intervene, we said "a court of appeals may, but *only in an exceptional case for imperative reasons*, permit intervention where none was sought in the district court." *Id.* at 1238 n.24 (emphasis added) (quoting *McKenna v. Pan Am. Petroleum Corp.*, 303 F.2d 778, 779 (5th Cir. 1962) (per curiam)). Thus, in part because there is no rule allowing them, motions to intervene on appeal are reserved for truly

---

[1] Motions to intervene on appeal are different from motions to intervene for purposes of appeal. Motions to intervene for purposes of appeal are used where "the existing parties have decided not to pursue [an appeal]" and are filed in district courts in the first instance under the Federal Rules of Civil Procedure. 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 24.24[4], at 24–129 (3d ed. 2020) (footnote omitted).

exceptional cases.

Movants contend that the standard is more lenient than that, because "the Supreme Court has recognized that 'the policies underlying intervention (in the district courts) may be applicable in appellate courts.'" *Id.* (citing *United Auto. Workers, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965)). But the *Bursey* court made that statement in the context of a footnote explaining why intervention was permissible at all despite the lack of a rule allowing it. *Id.* When actually analyzing whether intervention was permissible, the *Bursey* court said,

> *In the exceptional circumstances of this case*, where the senior Burseys assert a significant stake in the matter on appeal, where it is evident that their interest cannot adequately be represented by Brett Bursey, (who has now disclaimed any personal interest in the deposit), and where their lack of timely intervention below may be justified by the district court's action without notice, we think that intervention was proper under *McKenna*.

*Id.* (emphasis added). Moreover, *Automobile Workers* involved intervention in an appeal from an agency order, which the Court said was permitted by the relevant statute, and which is now allowed by Rule 15(d). *See Auto. Workers*, 382 U.S. at 217. In cases like *Automobile Workers*, involving interventions in review of agency action, the analysis is much more akin to that of a district court's considering a motion under Federal Rule of Civil Procedure 24.

Moreover, to prevent litigants from using procedural gamesmanship to skirt unfavorable standards of review, there must be a steep threshold for allowing intervention on appeal. "The district court possesses broad discretion in determining whether to grant permissive intervention and will rarely be reversed on appeal." 6 JAMES WM. MOORE, *supra*, § 24.10[1], at 24-68. *Accord Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc) (applying abuse-of-discretion review to such decisions). If we analyzed motions to intervene on appeal using the same framework district courts use

to address motions to intervene there, litigants would effectively have *de novo* review of their intervention motion. Therefore, allowing intervention on appeal only "in an exceptional case for imperative reasons" is necessary to prevent such procedural gamesmanship. *Bursey*, 515 F.2d at 1238 n.24 (quoting *McKenna*, 303 F.2d at 779).[2]

## B.

Having noted that we should grant motions like the *Flores* plaintiffs' only in exceptional cases, we ask whether they meet that standard. They do not.

The facts of *Bursey* demonstrate what might meet the high bar of "imperative reasons." *Id.* (quoting *McKenna*, 303 F.2d at 779). The movants were Bursey's parents, who had posted a deposit on his bail bond that was to "revert to [them] upon disposition of the [criminal] case [against Bursey]." *Id.* at 1231. But upon disposition of that case—which of course Bursey's parents were not parties to—the district judge, without notice to Bursey, his parents, or the government, directed the clerk to use the deposit to pay for Bursey's appointed counsel. *Id.* Bursey filed a notice of appeal from that order while disclaiming any personal interest in the deposit. *Id.* at 1232, 1238 n.24. His parents' motion to intervene was granted because (1) they were the actual parties in interest, (2) no other party could represent their interest because all other parties had disclaimed any interest in the property at issue, and (3) the district court acted without notifying anyone, eliminating the possibility of intervention in the district court. *Id.* at 1238 n.24.[3]

---

[2] *Cf. Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000) (denying a motion to intervene where the movant was doing so because time had expired to appeal the district court's denial of her motion).

[3] *Bursey* is the rare case. Within our circuit, cursory denials of motions to intervene on appeal are more common. *See, e.g.*, *McKenna*, 303 F.2d at 779; *Morin v. City of Stuart*,

No. 20-50774

In their divers filings, movants at various times have put forth two possible reasons in favor of allowing intervention. Neither is an "imperative reason[]." *Id.* (quoting *McKenna*, 303 F.2d at 779).

First, movants point to the need for their appeal to be consolidated with the Secretary's. The *Flores* plaintiffs moved to intervene in the *Richardson* district court to request that the *Richardson* court stay all proceedings pending the disposition of the *Flores* litigation. They contended that, because *Flores* was filed before *Richardson*, covers the same issues as *Richardson*, and involves the same defendant, *Richardson* should be stayed. The movants posit that if an eventual merits panel decides the *Richardson* district court abused its discretion in denying that motion, the proper remedy may be to vacate the *Richardson* district court's order and remand with an order to stay proceedings until the *Flores* district court rules.[4] But if a different merits panel has already ruled on the merits of the *Richardson* plaintiffs' substantively identical claims without the *Flores* plaintiffs' participation, the *Flores* plaintiffs' success on appeal will be a hollow victory. Therefore, the movants' theory goes, the same panel must hear both appeals so it can rule on the movants' appeal first.

Because both the movants and the Secretary are appealing from the same order, however, both appeals have been docketed under the same case number in this court.[5] Therefore, assuming the motion to intervene in the

_____

112 F.2d 585, 585 (5th Cir. 1939) (per curiam). Furthermore, one of our sister circuits denied a similar motion even where movants' asserted intervention was necessary to protect their right to vote. *Hall v. Holder*, 117 F.3d 1222, 1231 (11th Cir. 1997).

[4] *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 732 (5th Cir. 1985) (vacating a preliminary injunction after finding the district court should have stayed the action out of comity for the first-filed litigation).

[5] *See* Fed. R. App. P. 3(b)(1)–(2) (allowing consolidated appeals where multiple appellants appeal from the same district court order).

Secretary's appeal is denied, the same merits panel will hear both the Secretary's appeal of the summary judgment and the *Flores* plaintiffs' appeal of the denial of their motion to intervene. This obviates that reason for intervention.

Second, the movants have said that "[w]ithout intervention, Movants will be unable to represent their interest in the ineffective injunction that fails to cure t[he] signature mismatch provisions despite" being first to file and moving to intervene in the district court. It is true that the movants express a unique view offered by neither party—that the plaintiff-appellees are correct that the signature-verification procedures are unconstitutional, but the defendant-appellee is correct that the remedy is unhelpful. To the extent Movants want their voices heard, however, the proper procedure is to move to appear as *amici curiae*, not to move to intervene.[6] Since granting leave to file an *amici* brief is within our discretion, we hereby do so *sua sponte*.[7]

### III.

The plaintiffs suggest that, because there is no Federal Rule of Appellate Procedure allowing motions to intervene, the motion to intervene must be stricken. As explained, however, we recognize that such motions may be granted in "exceptional case[s] for imperative reasons." *Bursey*, 515 F.2d at 1238 n.24 (quoting *McKenna*, 303 F.2d at 779). Therefore, we decline to

---

[6] *See, e.g.*, *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (affirming the denial of intervention and noting that appellants could still present their views in an *amicus* brief); *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1254 (D.C. Cir. 1999) (noting that the motions panel had earlier denied intervention and allowing the movant to file as *amicus*).

[7] Somewhat confusingly, this will mean that the movants will be submitting two briefs to the merits panel: a party brief for their appeal of the denial of their motion to intervene and an *amici* brief for the Secretary's appeal of the summary judgment and injunction. Each offering should be appropriately focused in its discussion.

No. 20-50774

strike the motion.

\* \* \* \* \*

The motion to intervene is DENIED.  Leave to file an *amici curiae* brief is GRANTED.  The motion to strike the motion to intervene is DENIED.